UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-08-DBH |
| | ) | |
| ERIC MURDOCK, | ) | |
| Defendant | ) | |

**ORDER ON RENEWED DEFENSE MOTION TO ACQUIT**

The defendant was indicted and tried on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 26, 2011, a jury found the defendant guilty. Before the case went to the jury, the defendant moved for judgment of acquittal, arguing that the government failed to prove that the firearms he possessed were not antiques. The defendant has now renewed his motion to acquit based on the same argument—that the government failed to prove that the firearms the defendant possessed were not antiques. Renewed Defense Mot. to Acquit (Docket Item 91). The renewed motion to acquit is **Denied**.

The statute defines "firearm" and excludes from the definition an "antique firearm".[1] 18 U.S.C. § 921(a)(3). An "antique firearm" is defined as follows:

---

[1] The term "firearm" means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3).

> The term "antique firearm" means—
>   (A) any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; or
>   (B) any replica of any firearm described in subparagraph (A) if such replica—
>     (i) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or
>     (ii) uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade; or
>   (C) any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder, or a black powder substitute, and which cannot use fixed ammunition. For purposes of this subparagraph, the term "antique firearm" shall not include any weapon which incorporates a firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the barrel, bolt, breechblock, or any combination thereof.

18 U.S.C § 921(a)(16).

The defendant cites <u>United States v. Hammond</u>, 371 F.3d 776, 781 (11th Cir. 2004), where the issue was whether a tube that could explode was a firearm. The applicable statute defined "firearm" as a "destructive device." But the statute specifically excluded any explosive device not "designed . . . for use as a weapon." 26 U.S.C. § 5845(f). The court explained that "[s]tatutory coverage depends upon proof that a device is an explosive *plus* proof that it was designed as a weapon. No explosive can constitute a destructive device within the meaning of the statute unless it has this 'plus' factor." <u>Hammond</u>, 371 F.3d at 780. The government offered no proof that the device in <u>Hammond</u> was designed as a weapon. <u>Id</u>. Thus, <u>Hammond</u> is distinguishable because the

2

missing evidence there related to the defendant's intent in designing the weapon—clearly the government's burden to establish.

There is no caselaw on this issue in the First Circuit, but all the other circuits that have addressed this issue have held that the antique firearm exception is an affirmative defense that the defendant must timely raise. See United States v. McMillan, 346 Fed. Appx. 945, 947 (4th Cir. 2009) ("the antique firearms exception is an affirmative defense that must be raised by the defendant and supported by evidence before the Government must disprove its application") (citing United States v. Lawrence, 349 F.3d 109, 122-23 (3d Cir. 2003)); United States v. Pate, 518 F.3d 972, 976 (8th Cir. 2008) ("When the antique firearm exception is raised as an affirmative defense, the defendant bears the burden to produce evidence sufficient to raise a genuine dispute about whether the firearm is an antique. Only then does the government need to prove beyond a reasonable doubt that the firearm is not an antique firearm."); United States v. Smith, 981 F.2d 887, 891–92 (6th Cir. 1992) (holding "the 'antique firearms' exception is an affirmative defense which must be raised by a criminal defendant"); United States v. Williams, 979 F.2d 186, 187 (11th Cir. 1992) (per curiam) (stating that the antique weapons exception in § 921 is an affirmative defense that must be raised by the defendant before the burden of disproving an antique weapon shifts to the government); United States v. Mayo, 705 F.2d 62, 75 (2d Cir. 1983) ("We find no indication in the language of the statute that Congress intended the government to prove in all criminal prosecutions under 18 U.S.C. § 922 that the illegal firearms transactions involved weapons that were not antiques.").

I agree with the circuit courts that have addressed the issue and conclude that the antiquity of the firearm is not an element of the felon in possession of a firearm offense. Rather it is an affirmative defense that the defendant must raise and support by some evidence before the government has to disprove its applicability. In this case, the defendant did not offer evidence at trial relating to the age or type of the firearm that generated the antique firearm question. In fact, the defendant did not raise the antique firearm issue until after both sides had rested and the evidentiary record was closed. At that point, it was too late.

The defendant's renewed motion to acquit is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 24TH DAY OF AUGUST, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**