UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>)<br>)<br>v.                                              )<br>)<br>ERIC MURDOCK,                          )<br>)<br>DEFENDANT/PETITIONER  ) | CRIMINAL NO. 2:11-CR-08-DBH<br>CIVIL NO. 2:14-CV-205-DBH |

**DECISION AND ORDER ON JOHNSON CLAIM IN PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

In 2011, a jury convicted Eric Murdock of being a felon in possession of firearms.  18 U.S.C. § 922(g)(1).  At his 2012 sentencing, I determined that Murdock had been convicted of three qualifying prior crimes of violence and accordingly sentenced him to 216 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Sentencing Tr. at 27-29 (ECF No. 118); Judgment at 2 (ECF No. 110).  Without Armed Career Criminal status, Murdock's maximum sentence would have been 10 years.  18 U.S.C. § 924(a)(2).  The First Circuit affirmed the conviction and sentence.  United States v. Murdock, 699 F.3d 665, 667 (1st Cir. 2012).

In May 2014, Murdock filed a motion under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel in a number of ways.  Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 135).  The government requested summary dismissal on the basis that the section 2255 motion was not timely.  Gov't Mot. for Summary Dismissal (ECF No. 144).  I

concluded that Murdock had made a prima facie demonstration that the motion was timely. Order Affirming Recommended Dec. (ECF No. 159); Recommended Dec. (ECF No. 156).

Following the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), holding the ACCA's residual clause unconstitutional, Murdock filed a request to include a claim, based on Johnson, that he was entitled to relief from his ACCA sentencing. Pet.'s Request for Judicial Notice of Supplemental Authority (ECF No. 163).[1] In response, the government requested summary dismissal of Murdock's section 2255 motion, including the Johnson claim, on the merits. Gov't Mot. for Summary Dismissal (ECF No. 169).[2] In its response, the Government argued that Murdock is not entitled to relief because his sentencing enhancement should be upheld under an alternate clause of the ACCA.

Both parties have agreed that bifurcation is appropriate to decide the Johnson issue first. (Rpt. of Tele. Conference & Order (ECF No. 175); Pet.'s Agreement to Bifurcation (ECF No. 183); Gov't Reply (ECF No. 185). Therefore, this order addresses the Johnson claim only and Murdock's related threshold

---

[1] I treat Murdock's "Request for Judicial Notice of Supplemental Authority" (ECF No. 163) as a motion to amend his section 2255 motion to add a claim based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), and I **GRANT** the motion to amend.

[2] Following the government's request for summary dismissal of Murdock's Johnson claim, the Magistrate Judge, on his own motion, appointed counsel to represent Murdock. Orders (ECF Nos. 170, 179). Counsel notified the court that Murdock wished to proceed pro se, and Murdock moved for counsel to withdraw or serve as standby counsel. Pet.'s Mot. to Withdraw Appointed Counsel (ECF No. 177) & Letter of Ass't Federal Defender Nixon (ECF No. 180). The Magistrate Judge granted the motion to withdraw, noting that "[b]ecause Petitioner's suggestion of standby counsel was evidently presented as an alternative if the Court did not grant the motion to withdraw and because the Court is uncertain of the role that Petitioner would envision for standby counsel at this stage of the proceedings, the Court declines to appoint standby counsel without prejudice to Petitioner's right to request the assistance of counsel as the case proceeds." Order (ECF No. 179).

procedural argument regarding untimely service of the government's request for summary dismissal. I **DENY** Murdock's motion to strike due to a lack of service (ECF No. 182), and I **DENY** Murdock's motion to vacate to the extent that it is based on Johnson.

## ANALYSIS

### (1) *Untimely service of the government's request for summary dismissal.*

Murdock argues that the government failed to effect proper service of its response on both the merits and the Johnson claim, *i.e.,* ECF No. 169. Pet.'s Mot. to Strike (ECF No. 182). The government filed its response on August 25, 2015 (ECF No. 169); Murdock admits that he received the government's response on September 14, 2015; the court granted Murdock's motion for withdrawal of counsel on October 1, 2015; and also on October 1, 2015, the court granted Murdock an extension to November 24, 2015, to reply to the government's request for dismissal. Pet.'s Mot. to Strike at 3 (ECF No. 182); Orders (ECF Nos. 178, 179). Because Murdock had sufficient time to file a reply memorandum, he was not prejudiced by any delay in his receipt of the government's request for summary dismissal.³ On that basis, I reject Murdock's argument regarding service of the government's response and **DENY** the motion to strike.

### (2) *Johnson v. United States*

In Johnson, 135 S. Ct. at 2563, the Supreme Court dealt with the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which includes within the definition of "violent felony" any felony that "otherwise

---

³ Rule 5(d) of the Rules Governing Section 2255 Proceedings states: "The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

3

involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court held that language to be unconstitutionally vague. Johnson, 135 S. Ct. at 2557, 2563.  But the Court explicitly limited its holding, stating: "Today's decision does not call into question application of the Act to the four enumerated offenses,⁴ *or the remainder of the Act's definition of a violent felony*." Id. at 2563 (footnote and emphasis added).  The "remainder of the Act's definition of a violent felony," id., includes the so-called "force clause," defining a "violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i).  I review Murdock's predicate convictions under that language.

First, however, Murdock relies on an earlier case called Johnson v. United States, 559 U.S. 133 (2010), to argue that this court may not uphold his ACCA sentencing enhancement under the force clause, because neither the government nor this court relied on that clause at sentencing.  Pet.'s Opp'n at 10-11 (ECF No. 189); Pet.'s Supp'l Mem. at 3 (ECF No. 190).⁵  In its 2010 Johnson decision, the Supreme Court held that a Florida prior conviction did not qualify as an ACCA violent felony under the force clause.  Johnson, 559 U.S. at 136-40.  But the Supreme Court declined to remand the case to determine whether the prior conviction qualified as an ACCA predicate under a different clause because the government had expressly disclaimed at sentencing any reliance on that

---

⁴ Those enumerated offenses are burglary, arson, extortion, and use of explosives.
⁵ Murdock states at one point that he does not rely on the 2010 Johnson decision, but he does cite the 2010 Johnson decision, and in substance, he makes the argument.  Pet.'s Opp'n at 10-11 (ECF No. 189); Pet.'s Supp'l Mem. at 3 (ECF No. 190).

4

other clause.[6] Id. at 145.  Murdock points to no express disclaimer of the force clause by the government at his sentencing.  In the absence of an express disclaimer, I see no reason why re-examination of his previous convictions should not include whether they qualify on grounds other than the residual clause.[7]

Murdock's three predicate crimes that gave him ACCA status were (1) a 1979 Virginia robbery conviction, (2) a 1989 Massachusetts conviction for assault and battery with a dangerous weapon, and (3) a 2007 Florida aggravated assault conviction.  Sentencing Tr. at 5-6 (ECF No. 117); Sentencing Tr. at 27 (ECF No. 118); Mass. Docket Sheet (ECF No. 169-2); Fla. Judgment (ECF No. 169-3); Va. Judgment (ECF No. 169-4).

Murdock appropriately concedes that the Virginia conviction qualifies categorically as an ACCA predicate violent felony.  Pet.'s Response at 9 (ECF No. 189); Pet.'s Aff. at 2 (ECF No. 189-1).[8]

---

[6] In Johnson, the government on appeal sought the opportunity to qualify the previous conviction under the residual clause, not yet held unconstitutional in 2010.

[7] The issue whether a prior crime qualifies as an ACCA predicate violent felony is a matter of law, not a factual issue.  See United States v. Whindleton, 797 F.3d 105, 108 (1st Cir. 2015) (noting that "[w]hether a prior conviction qualifies as an ACCA predicate offense is a legal question" that the First Circuit reviews de novo).  The First Circuit seems to have recognized that even if, on a direct appeal, the government disclaimed reliance on a particular clause (in that case, the residual clause contained in the sentencing guidelines, U.S.S.G. § 4B1.2(a)), the government may rely on that clause on remand.  United States v. Castro-Vazquez, 802 F.3d 28, 38-39 (1st Cir. 2015) (holding that if, on remand, the government chose to rely on the residual clause of the sentencing guidelines, the constitutional issue raised by the Supreme Court's 2015 Johnson decision must be addressed); United States v. Torres-Rosario, 658 F.3d 110, 117 (1st Cir. 2011) ("On remand, the government remains entitled to establish the ACCA designation," by showing, in accordance with the evidentiary constraints imposed under Shepard v. United States, 544 U.S. 13, 16, 24-26 (2005), that one of the assault and battery convictions at issue qualifies as an ACCA predicate violent felony).

[8] The Virginia robbery statute under which Murdock was convicted provided:
> If any person commit[s] robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty

Murdock's Massachusetts conviction for assault and battery with a dangerous weapon also qualifies categorically as a predicate violent felony under the ACCA's force clause. At the time of Murdock's offense in 1989, the Massachusetts statute, Mass. Gen. Laws ch. 265, § 15A(b), provided:

> Whoever commits assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars or imprisonment in jail for not more than two and one-half years.

St. 1981, c. 678, § 1. In United States v. Whindleton, 797 F.3d 105 (1st Cir. 2015), the First Circuit held that a conviction under a substantially similar Massachusetts statute (assault with a dangerous weapon, Mass. Gen. Laws ch. 265, § 15B(b)) qualified as an ACCA predicate under the force clause.[9] 797 F.3d at 112-13 (citing United States v. Am, 564 F.3d 25 (1st Cir. 2009)). "By its terms, the Massachusetts statute at issue, which criminalizes 'an assault upon another' by 'means of a dangerous weapon,' [citing Mass. Gen. Laws ch. 265, § 15B], 'has as an element the use, attempted use, or threatened use of physical force' as

---

        of a felony and shall be punished by confinement in a state correctional facility
        for life or any term not less than five years.
Va. Code Ann. § 18.2-58. (Va. Code Ann. § 18.2-58 was last amended in 1978, *i.e.*, before Murdock's 1979 offense.) A robbery conviction under section 18.2-58 of the Virginia Code qualifies as a violent felony under the ACCA's force clause because it has as an element the use, attempted use, or threatened use, of physical force against a person. See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (holding that a Virginia robbery conviction under section 18.2-58 "has as an element the use or threatened use of force" and therefore qualifies as an ACCA predicate crime); United States v. Williams, 223 F. App'x 280, 284-85 (4th Cir. 2007) (per curiam) (same).

[9] The Massachusetts statute for the crime of assault with a dangerous weapon provided:
        Whoever, by means of a dangerous weapon, commits an assault upon another
        shall be punished by imprisonment in the state prison for not more than five years
        or by a fine of not more than one thousand dollars or imprisonment in jail for not
        more than two and one-half years.
Mass. Gen. Laws ch. 265, § 15B(b).

required by the ACCA, 18 U.S.C. § 924(e)(2)(B)(i)." Am, 564 F.3d at 33. In Whindleton, the Court noted: "It is critical that the statute at issue here is Assault *with a Dangerous Weapon*." 797 F.3d at 113 (emphasis in original). The Court held that "the element of a dangerous weapon imports the 'violent force' required by [the 2010 Johnson decision] into the otherwise overbroad simple assault statute." Id. at 114. It necessarily follows from Whindleton that Murdock's Massachusetts conviction of assault and battery with a dangerous weapon qualifies as an ACCA predicate under the force clause.[10]

Murdock's Florida aggravated assault conviction was under a Florida statute that provided:

> (1) An "aggravated assault" is an assault:
> (a) With a deadly weapon without intent to kill; or
> (b) With an intent to commit a felony.

Fla. Stat. § 784.021.[11] Fla. Judgment (ECF No. 169-3). The Eleventh Circuit assessed that statute for ACCA purposes in Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013), cert. denied sub nom. Turner v. Pastrana, ___ U.S. ___, 133 S. Ct. 2873 (2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551, and United States v. Hill, 799 F.3d 1318 (11th Cir. 2015). It stated that the statute by definition "necessarily includes an assault, which is 'an intentional, unlawful threat by word or act *to do violence* to the

---

[10] In Whindleton footnote 12, the First Circuit "note[d]" that "under a different (but similarly worded) statute, 18 U.S.C. § 16(a)," it had "held that a conviction for ABDW 'does not have as an element' the intentional use of physical (*i.e.*, violent) force, and so does not qualify as a 'crime of violence.'" See Whindleton, 797 F.3d at 116 n.12. As a trial judge, I follow the holding of Whindleton with respect to ACCA analysis, not its musing about possible conflict with an earlier case and a different statute.

[11] Fla Stat. § 784.021 was last amended in 1975, *i.e.*, before Murdock's Florida offense.

7

person of another, coupled with an apparent ability to do so.'" Id. (quoting Fla. Stat. § 784.011).[12] "Therefore, a conviction under section 784.021 will always include 'as an element the . . . threatened use of physical force against the person of another,' § 924(e)(2)(B)(i), and Turner's conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA." Id. Under that analysis, Murdock's Florida conviction qualifies as an ACCA predicate under the force clause.

I conclude, therefore, that all three of Murdock's prior crimes qualify categorically[13] as violent felonies under the ACCA's force clause. Accordingly, the 2015 Johnson decision does not entitle Murdock to relief from his ACCA sentence.[14]

## CONCLUSION

The petitioner's request for judicial notice of supplemental authority (ECF No. 163), construed as a motion to amend the petitioner's section 2255 motion (ECF No. 135), is **GRANTED**. The petitioner's motion to strike (ECF No. 182) is **DENIED**. No evidentiary hearing is required on the petitioner's Johnson claim, and the Johnson claim is **DENIED**. No action is necessary on the "Request for

---

[12] Fla Stat. § 784.011 was last amended in 1975.

[13] Because I conclude that all three state statutes are necessarily crimes of violence by virtue of their elements, I do not address Murdock's arguments about the inadequacy or absence of Shepard-type documents. Shepard, 544 U.S. 13. See Whindleton, 797 F.3d at 108 ("a categorical approach, under which 'we may consider only the offense's legal definition, forgoing any inquiry into how the defendant may have committed the offense'").

[14] To the extent that Murdock's Johnson claim also includes a claim of ineffective assistance of his federal trial or appellate counsel with respect to Johnson arguments, that claim also fails. Pet.'s Request for Judicial Notice at 1 (ECF No. 163). See Tse v. United States, 290 F.3d 462, 465 (1st Cir. 2002) ("Since [the petitioner's] claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail.").

8

Judicial Notice of Petitioner Murdock's pro se Agreement to Bifurcation . . ." (ECF No. 183).  I ask the Magistrate Judge to issue an order to govern the parties' filings regarding the remaining claims.

**SO ORDERED.**

**DATED THIS 9TH DAY OF MARCH, 2016**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**